UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KHALIQ CLARK,

                              Plaintiff,

                                                                     DECISION AND ORDER

                                                                         02-CV-6525L

                        v.

A. DANNHEIM,
DENNIS HARDY,
T. BRECKON,
#1 JOHN DOE,
DONALD SELSKY,
in their individual and official capacities,
DAVID MATAYAS,

                              Defendants.
_____

      Plaintiff, Khaliq Clark, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights have been violated in a number of respects in connection with an altercation between plaintiff and three guards on May 3, 2001, and a subsequent hearing on disciplinary charges that were brought against plaintiff as a result of that altercation.

      In December 2008, the Court issued a Decision and Order, 590 F.Supp.2d 426, granting summary judgment for defendants on two of plaintiff's claims, relating to the denial of plaintiff's request for certain documents at the disciplinary hearing, and the refusal by the hearing officer, defendant Thomas Breckon, to call a particular witness requested by plaintiff.

      Since defendants had not moved against plaintiff's other claims, that decision did not address those claims. Following the Court's December 2008 decision, then, the following claims remained:

a due process claim against defendants Breckon and Donald Selsky, alleging that Breckon violated plaintiff's constitutional rights by having plaintiff removed from the hearing, and that Selsky, in his capacity as DOCS Director of Special Housing, affirmed Breckon's decision finding plaintiff guilty of the charges against him; an Eighth Amendment excessive-force claim against three correction officers; and a First Amendment claim against the officers, alleging that they assaulted plaintiff in retaliation for plaintiff's having complained about certain matters.

Defendants Breckon and Selsky now move for summary judgment on the remaining due process claim against them. Defendants' motion is granted.

The hearing transcript shows that plaintiff became argumentative with Breckon after Breckon denied plaintiff's request for a copy of a certain document. Breckon then warned plaintiff, "Now, if you interrupt me again while I'm giving you an instruction, I'll have you removed from the hearing." Tr. (Dkt. #45-5) at 9. Plaintiff then again interrupted Breckon, who again warned him, "Do you understand that? I'm talking to you now. If you interrupt me again, I will have you removed from the hearing." Plaintiff immediately began to interrupt Breckon, stating, "It's a violation of the hearing," at which point Breckon stated, "Fine. Inmate Clark, you are done. You can go back to your cell. If you're not gonna allow me to conduct the hearing, you can go back and sit in your cell." Tr. at 10.

"The Supreme Court has made clear that due to the special nature of the prison environment, inmates are not guaranteed the 'full panoply of rights due a [criminal] defendant ... [and that] there must be some mutual accommodation between institutional needs and the objectives and the provisions of the Constitution.'" *Carter v. Cleveland*, No. 93-CV-0254, 1995 WL 818678, at *5 (W.D.N.Y. Feb. 15, 1995) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). Thus, where an inmate disrupts a hearing, a hearing officer has discretion to order the inmate removed, particularly if the prisoner has been warned that continued unruly behavior may result in his expulsion. *See, e.g., id.* (finding that hearing officer "was well within his discretion in ejecting plaintiff from the hearing, given his raised voice and threatening behavior"); *see also Figueroa v. Storm*, No. 07–CV–18, 2011

WL 1598922, at *7 (W.D.N.Y. Apr. 28, 2011) (defendants did not violate plaintiff's due process rights by having him removed from hearings after plaintiff became disruptive); *Purdle v. Graham*, No. 09-CV-971, 2011 WL 941283, at *3 (N.D.N.Y. Jan. 19, 2011) (dismissing claim against hearing officer where record showed that plaintiff was removed from hearing because he was irate and would not be quiet), *Report and Recommendation Adopted*, 2011 WL 940469 (N.D.N.Y. Mar. 16, 2011); *Sheils v. Minogue*, No. 06-CV-482, 2010 WL 5625919, at *6 (N.D.N.Y. Nov. 1, 2010) (no due process violation arose from removal of obstreperous inmate during disciplinary hearing, where hearing officer "warn[ed] him several times that his frequent interruptions and commentary would not be tolerated"), *Report and Recommendation Adopted*, 2011 WL 210580 (N.D.N.Y. Jan. 21, 2011).

Based on the undisputed facts before me, I conclude that defendant Breckon acted well within his discretion in having plaintiff removed from the hearing. In addition, I find that plaintiff has failed to show that the outcome of the hearing would likely have been different had plaintiff not been removed, or that plaintiff was otherwise prejudiced by Breckon's actions. Finally, I conclude that even if a violation could be found here, it was objectively reasonable for Breckon to believe, in light of plaintiff's contumacious behavior, that plaintiff's removal did not give rise to a constitutional violation, and that Breckon is therefore entitled to qualified immunity. *See Garcia v. Selsky*, 697 F.Supp.2d 442, 445 n.3 (W.D.N.Y. 2010).

Since there is no basis for a finding of liability on Breckon's part, there is likewise no basis upon Selsky could be held liable for affirming Breckon's decision. *See Crenshaw v. Sciandra*, 766 F.Supp.2d 478, 482 (W.D.N.Y. 2011). Plaintiff's claim against Selsky must therefore be dismissed as well.

**CONCLUSION**

The motion for summary judgment (Dkt. #52) filed by defendants Thomas Breckon and Donald Selsky is granted, and plaintiff's claims against those two defendants are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      July 21, 2011.